ACCEPTED
03-14-00737-CV
4439239
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/10/2015 1:27:41 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00737-cv

_____

IN THE THIRD COURT OF APPEALS

AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/10/2015 1:27:41 PM
JEFFREY D. KYLE
Clerk

_____

CHASE CARMEN HUNTER, APPELLANT v. ELEANOR KITZMAN IN HER

OFFICIAL CAPACITY AS COMMISSIONER OF INSURANCE, JULIA RATHGEBER

IN HER OFFICIAL CAPACITY AS COMMISSIONER OF INSURANCE, AND THE

TEXAS DEPARTMENT OF INSURANCE, APPELLEES

_____

# *REQUEST FILED DIRECTLY WITH JUSTICES CINDY OLSON, MELISSA GOODWIND, ROBERT PEMBERTON, DAVID PURYEAR AND JEFF ROSE*

OBJECTION TO THE CLERK'S LETTERS DATED MARCH 2, 2015, MARCH 4, 2015, FEBRUARY 13, 2015, AND JANUARY 16, 2015, IN WHICH THE CLERK OF THIS COURT HAS ACTED AS THE COURT AND HAS ENTERED LETTERS SIGNED ONLY BY THE CLERK WHICH STATE THAT THIS COURT DENIED HUNTER THE REQUESTED RELIEF. BUT SAID CLERK LETTERS DO NOT INCLUDE THE WORD "ORDER" AND DO NOT INCLUDE THE NAME OR SIGNATURE OF ANY JUSTICE WHO MADE THE DECISION COMMUNICATED IN THESE CLERK LETTERS. THE CLERK HAS ACTED WITHOUT AUTHORITY TO ACT AS THE COURT TO DENY HUNTER'S REQUESTED RELIEF. THE CLERK

- 1 -

HAS FILED LETTERS THAT FALSELY CLAIM THAT THIS COURT RENDERED A

DECISION WHEN IT DID NOT

___

From Cause D-1-GN-13001957 In The 250th District Travis County,

Texas, The Honorable John K. Dietz Presiding

___

Chase Carmen Hunter, *pro se*
340 S. Lemon Ave. #9039
Walnut, CA 91789
Telephone: 707-706-3647
Facsimile: 703-997-5999
Chase_Hunter@yahoo.com

**CERTIFICATION.**

I, Chase Carmen Hunter, state under penalty of perjury that the following facts and argument are true and correct.

_____      ___March 10, 2015___

**OBJECTION TO THE CLERK'S LETTERS DATED MARCH 2, 2015,**

**MARCH 4, 2015, FEBRUARY 13, 2015, AND JANUARY 16, 2015,**

The Appellant, herein referred to as "Hunter", filed a motion for a 60-day filing extension with this court on March 1, 2015. The clerk of this court ("Clerk") responded to said motion by sending Hunter a letter on March 2, 2015, stating that said motion was denied in part by this court.  Hunter objects to her motion being

dispensed with by a letter from the Clerk ("Clerk Letter") and not by a court order.

Hunter filed a motion for a 60-day filing extension with this court on March 3, 2015. The clerk of this court ("Clerk") responded to said motion by sending Hunter a letter on March 4, 2015, stating that said motion was denied by this court. Hunter objects to her motion being dispensed with by a Clerk Letter and not by a court order.

Hunter objects to the Clerk dispensing with Hunter's two aforementioned motions in violation of Texas Rule of Appellate Procedure ("TRAP") 10.3(a) et seq. These two motions were not to be heard or determined "until 10 days after the motion was filed".

Hunter objects to the Clerk's Letters dated February 13, 2015, and January 16, 2015, because, among other things, they state that the "Court" made a decision but these Clerk Letters do not show a name of any justice who made the decisions and do not include the word "order". They are not court orders.

This Court entered an order on January 21, 2015 ("Jan 2015 Order"). Please, take judicial notice. This Jan 2015 Order appears on its face to be a valid, genuine court order because, among other things, it states that it is an "order" and it names the "justices" who participated in the court decision. However, none of the aforementioned Clerk Letters have these two features. Therefore, the Clerk's letters, while they state that this court made a decision, are not court orders and cannot be communications of the court and have no legal affect. These Clerk letters are only communications of the Clerk who has apparently acted without authority as the Court in this lawsuit.

For the aforementioned reasons, Hunter requests that these four aforementioned Clerk's Letters be stricken and that any Clerk Letter that does states that it communicates a decision by this Court but that does not include the word "order" in the title and does not show the name of the justice or justices who made the decision be stricken.

## TEXAS RULE OF APPELLATE PROCEDURE 10.3(b)

Hunter requests that the two aforementioned motions be dispensed with by a court order signed by at least one justice.

Notwithstanding the fact that the two aforementioned letters sent by the Clerk to Hunter ("Clerk Letters") establish that the two aforementioned motions were not dispensed with by the Court and were only handled by the Clerk, Hunter requests that the two aforementioned motions filed on March 1 and March 3, 2015, be reconsidered in accordance with TRAP 10.3(b) in the event that this court believes that the two associated Clerk Letters satisfy minimum legal guidelines to be classified as court orders.

Hunter also requests that this court provide a written explanation establishing the facts and the applicable law relied upon if this court classifies the four aforementioned Clerk Letters as court orders.

WHEREFORE, the Appellant requests that the relief requested be granted.

Respectfully Submitted,

/s/ Chase Carmen Hunter

Chase Carmen Hunter
Appellant, pro se
340 S. Walnut Ave. #9039
Walnut, CA 91789
Tel: 707-706-3647, Fax: 703-997-5999
Email: Chase_Hunter@yahoo.com

**CERTIFICATION**

I, Chase Carmen Hunter, swear under penalty of perjury that the foregoing statements are true and correct.

_ceftt_

_____          ____3/10/2015____

Chase Carmen Hunter

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Request was served upon the parties shown below as indicated:

Cynthia A. Morales
Assistant Attorney General
By Email on March 5, 2015 at
Cynthia.Morales@texasattorneygeneral.gov

_ceftt_

_____

Chase Carmen Hunter